**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| JOSEPH ORAZIO, | § | |
| Plaintiff, | § | |
| | § | CIVIL ACTION NO. |
| vs. | § | |
| | § | **COMPLAINT** |
| NISSAN MOTOR ACCEPTANCE | § | Jury Trial Demanded |
| CORPORATION, | § | |
| Defendant. | | |

**NATURE OF ACTION**

1. Plaintiff Joseph Orazio ("Plaintiff") brings this action against Defendant Nissan Motor Acceptance Corporation ("Defendant") pursuant to the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227.

**JURISDICTION AND VENUE**

2. This Court has jurisdiction under 47 U.S.C. § 227(b)(3) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where Defendant transacts business in this district on a regular basis.

**THE TELEPHONE CONSUMER PROTECTION ACT**

4. Congress enacted the TCPA due to widespread concern over the invasion of privacy caused by the proliferation of automatic and prerecorded phone calls. *See Mims v. Arrow Fin. Services, LLC*, 132 S. Ct. 740, 745, 181 L. Ed. 2d 881 (2012).

5. In enacting the TCPA, Congress found that "'unrestricted telemarketing . . . can be an intrusive invasion of privacy.' In particular, Congress reported, 'many consumers are outraged over the proliferation of intrusive nuisance calls to their homes.'" *Id*. (citing S.Rep. No. 102-178, at 4-5, reprinted in 1991 U.S.C.C.A.N. at 1972).

6. The TCPA makes it unlawful for any person "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . . to any telephone number assigned to a . . . cellular telephone service . . . ." 47 U.S.C. § 227(b)(1)(A)(iii).

7. The TCPA gives a private right of action to individuals that allows for both injunctive relief as well as monetary damages. Damages are calculated by the greater of actual damages or $500 for each violation of the statute. 47 U.S.C. § 227(b)(3)(B).

8. Under the TCPA, subscribers of wireless service and customary users of a telephone number, who are called in violation of the TCPA, have standing to bring a TCPA suit. *See Lee v. Loandepot.com, LLC*, 14-CV-01084-EFM, 2016 WL 4382786, at *4 (D. Kan. Aug. 17, 2016); *In the Matter of Rules & Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 30 F.C.C. Rcd. 7961 (F.C.C. 2015) ("'called party' is best understood to mean the subscriber to whom the dialed wireless number is assigned because the subscriber is 'charged for the call' and, along with a non-subscriber customary user, is the person whose privacy is interrupted by unwanted calls.").

9. "If the court finds that the Defendant willfully or knowingly violated this subsection" the court may "increase the amount of the award to an amount equal to not more than 3 times the amount available under subparagraph (B) of this paragraph." 47 U.S.C. § 227(b)(3)(C).

**PARTIES**

10. Plaintiff is a natural person who at all relevant times resided in the State of North Carolina, County of Watauga, and City of Boone.

11. Defendant is a corporation and may be served through its registered agent for service of process in Texas, Corporation Service Company dba CSC- Lawyers Incorporated, 211 E. 7th Street, Suite 620, Austin, Texas 78701.

## FACTUAL ALLEGATIONS

12. On or around August 2013, Plaintiff purchased a 2013 Nissan Altima for personal, family, and/or household purposes.

13. Rather than pay the full purchase price for the vehicle at the time of purchase, Plaintiff financed the purchase with Defendant.

14. From time to time, Plaintiff became delinquent on his financing arrangement with Defendant.

15. Almost immediately after Plaintiff became delinquent, Defendant would begin placing telephone calls to Plaintiff's cell phone.

16. On multiple occasions, Plaintiff spoke with Defendant and demanded Defendant to stop calling him.

17. On at least one occasion, Defendant called Plaintiff while he was hospitalized and he demanded that the calls cease.

18. Defendant consistently advised that it would not stop calling Plaintiff and continued to place calls to Plaintiff in effort to seek payment.

19. To the extent Defendant had Plaintiff's prior express consent to place calls to Plaintiff's cell phone, such consent was revoked no later than January 25, 2016.

20. Since at least July 2018, Defendant has been calling Plaintiff on his cell phone up to two and three times per day.

21. Defendant's constant harassing calls have caused Plaintiff's multiple sclerosis systems to become exacerbated, requiring him to seek medical care.

22. Defendant regularly leaves voicemails for Plaintiff using an artificial or prerecorded voice.

23. Upon information and belief, the telephone calls described herein were placed to Plaintiff's cell phone using an automatic telephone dialing system, which connects to a live call center representative when the call is answered, but otherwise plays an artificial or prerecorded voice message on Plaintiff's voicemail box.

24. Upon information and belief, Defendant had knowledge that it was using an automatic telephone dialing system or an artificial or prerecorded voice to place each of the calls referenced above.

25. Upon information and belief, Defendant intended to use an automatic telephone dialing system or an artificial or prerecorded voice to place each of the calls identified above.

26. Upon information and belief, Defendant maintains business records that show all calls Defendant placed to Plaintiff's cell phone, which may reveal the existence of additional violations beyond those pleaded above.

## COUNT I
## VIOLATION OF 47 U.S.C. § 227(b)(1)(A)(iii)

27. Plaintiff repeats and re-alleges each and every factual allegation above.

28. Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii) by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice.

29. Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing, since Defendant was aware that Plaintiff did not consent to receiving the calls.

WHEREFORE, Plaintiff prays for relief and judgment, as follows:

a) Adjudging that Defendant violated 47 U.S.C. § 227(b)(1)(A)(iii);

b) Finding that Defendant's violations of 47 U.S.C. § 227(b)(1)(A)(iii) were willful and/or knowing;

c) Enjoining Defendant from placing any further telephone calls to Plaintiff in violation of the TCPA, pursuant to 47 U.S.C. § 227(b)(3)(A);

d) Awarding Plaintiff statutory damages in the amount of $500.00 per violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

e) Awarding Plaintiff actual damages, pursuant to 47 U.S.C. § 227(b)(3)(B);

f) Awarding Plaintiff treble damages, pursuant to 47 U.S.C. § 227(b)(3);

g) Awarding Plaintiff pre-judgment and post-judgment interest as permissible by law; and

h) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

30. Plaintiff is entitled to and hereby demands a trial by jury.

Dated: December 12, 2019

Respectfully submitted,

*/s/ R.S.T.*

Russell S. Thompson IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone:   602-388-8898
Facsimile:    866-317-2674
rthompson@ThompsonConsumerLaw.com

Attorneys for Plaintiff