IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JOSEPH ORAZIO,<br>Plaintiff, | §<br>§<br>§ | CIVIL ACTION NO. 3:19-cv-02936-M |
| vs. | §<br>§ | |
| NISSAN MOTOR ACCEPTANCE<br>CORPORATION,<br>Defendant. | §<br>§ | |

**PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STAY AND CROSS-MOTION TO MODIFY THE SCHEDULING ORDER**

Joseph Orazaio ("Plaintiff") hereby submits his memorandum in opposition to the motion to stay filed by Defendant Nissan Motor Acceptance Corporation ("Defendant"). (*See* Mot. to Stay, ECF 87.)

**INTRODUCTION**

The question before the Court is whether to stay the instant case pending the Supreme Court's decision in *Facebook, Inc. v. Duguid*, No. 19-511, 2020 WL 3865252 (July 9, 2020), which—contrary to Defendant's assertion—cannot and will not fully dispose of this case, no matter what the Court decides. *Facebook* is a decision from the Ninth Circuit. *See Duguid v. Facebook, Inc.*, 926 F.3d 1146 (9th Cir. 2019). There, the Ninth Circuit affirmed its holding in *Marks v. Crunch San Diego, LLC*, 904 F.3d 1041, 1049-50 (9th Cir. 2018), that to qualify as an automatic telephone dialing system ("ATDS") under the Telephone Consumer Protection Act ("TCPA"), equipment must have "the capacity—(1) to store numbers to be called or (2) to produce numbers to be called, using a random or sequential number generator—and to dial such numbers automatically." *See Facebook*, 926 F.3d at 1150. While it is true that the Fifth Circuit has not

1

addressed the definition of an ATDS, that does not justify staying this case until the Supreme Court rules in *Facebook*.

Plaintiff alleges that Defendant is liable not just for making calls with an ATDS, but also for delivering prerecorded messages to cellular telephones. *See* ECF 1 at 4. This issue is not before the Supreme Court in *Facebook*. Thus, regardless of how the Supreme Court rules, Plaintiff will continue to have outstanding claims against Defendant. Moreover, no matter the ultimate ruling in *Facebook*, the parties will need to conduct discovery regarding the contours and composition of Defendant's dialing system, as it relates to Plaintiff's claim that Defendant violated the TCPA by using an ATDS to place calls to his cellular telephone number absent consent.

As such, staying this matter pending the Supreme Court's ruling in *Facebook* would serve only to delay the inevitable.

## ARGUMENT

**I. The Supreme Court's ruling in *Facebook* cannot, and will not, affect in any way Plaintiff's claim that Defendant violated the TCPA by using an artificial or prerecorded voice in connection with calls it placed to his cellular telephone number absent consent.**

Plaintiff asserts that "Defendant violated [the TCPA] by placing telephone calls to Plaintiff's cellular telephone number using an automatic telephone dialing system and/or an artificial or pre-recorded voice." ECF No. 1 at ¶ 28; *see also id.* at ¶ 22 ("Defendant regularly leaves voicemails for Plaintiff using an artificial or prerecorded voice."). Significant, then, is that Defendant's use of an ATDS to place calls to Plaintiff's cellular telephone number absent consent, and Defendant's use of an artificial or prerecorded voice in connection with calls it placed to Plaintiff's cellular telephone number absent consent, each give rise to separate liability. *See Reyes v. BCA Fin. Servs., Inc.*, 312 F. Supp. 3d 1308, 1325 (S.D. Fla. 2018) (holding that the use of an artificial or prerecorded voice is "an additional, separate statutory basis for relief."); *Burns v.*

2

*Halsted Fin. Servs., LLC*, No. 1:15-cv-4287-LMM-JKL, 2016 WL 5417218, at *5 (N.D. Ga. Sept. 14, 2016) ("Although Plaintiff complains that he received two telephone calls from Defendant, he has identified four distinct violations of the TCPA—two for each call. In particular, each call used an automatic telephone dialing system and used an artificial or prerecorded message.").

Accordingly, because a ruling from the Supreme Court in Facebook will address the definition of an "automatic telephone dialing system," but will not address any issue even tangentially related to liability under the TCPA arising from the use of an artificial or prerecorded voice, the ruling in *Facebook* cannot, and will not, affect in any way Plaintiff's claim that Defendant violated the TCPA by using an artificial or prerecorded voice in connection with calls it placed to her cellular telephone number.

Considering this, staying this matter to await a ruling from the Supreme Court is unjustified:

> Plaintiffs have alternatively alleged that Defendant violated the TCPA by making calls using prerecorded messages or artificial voices. Defendant argues that a stay is still warranted . . . because "the crux of plaintiffs' class allegations" is that it used ATDS in an attempt to reach its customers. But the amended complaint specifically alleges that Defendant's "automated debt collection calls[,] . . . used an artificial or prerecorded voice." . . . Plaintiff . . . alleges that . . . the artificial or prerecorded voice allegations are an independent basis for Defendant's liability under the TCPA. . . . Defendant has not provided any evidence through affidavit or otherwise that it does not use prerecorded calls. *Staying the case when an alternative theory of liability can move forward would unduly postpone adjudication of Plaintiffs' claims*. For the reasons discussed above, a stay is not warranted[.]

*Pieterson v. Wells Fargo Bank, N.A.*, No. 17-CV-02306-EDL, 2018 WL 3241069, at *4 (N.D. Cal. July 2, 2018) (internal citations to the record omitted) (emphasis added); *see also, e.g., McMillion v. Rash Curtis & Assocs.*, No. 16-CV-03396-YGR, 2018 WL 692105, at *5 (N.D. Cal. Feb. 2, 2018) (denying stay request because "[e]ven if the FCC's Orders are overturned, defendant could still face liability if plaintiffs show that defendant made calls using prerecorded messages or artificial voices which are not at issue in *ACA International*."), reconsideration denied, No.16-CV-

3

03396-YGR, 2018 WL 3023449 (N.D. Cal. June 18, 2018); *Williams v. Bluestem Brands, Inc.*, No. 8:17-cv-1971-T-27AAS, 2017 WL 6507226, at *1 (M.D. Fla. Dec. 15, 2017) ("Plaintiff's allegations that Defendant made the calls using 'an artificial or prerecorded voice' rather than an autodialer would not be impacted."); *Bush v. Mid Continent Credit Servs., Inc.,* No. CIV-15-112-L, 2015 WL 5081688, at *3 (W.D. Okla. July 28, 2015) ("Therefore, it would be appropriate for the case to proceed, apart from the distraction over the 'capacity' issue, because plaintiff has adequately alleged a TCPA claim against the defendant by virtue of the alleged use of an artificial or prerecorded voice."); *Swope v. Credit Mgmt., LP*, No. 4:12CV832, 2013 WL 607830, at *4 (E.D. Mo. Feb. 19, 2013) (denying stay because "even if the primary jurisdiction doctrine should be invoked for the claims related to the automatic telephone dialing system, plaintiff's claims regarding the use of an artificial or prerecorded voice are appropriately before this court, regardless of the FCC's decision.").

Importantly, only one of the cases upon which Defendant relies, *Mizell v. Conn Appliances, Inc.*, Case No. 4:15-CV-550, 2017 WL 4347702 (E.D. Texas Sept. 28, 2017), contains an allegation that the Defendant used an artificial or prerecorded voice. The Court did not address those claims in its order. The remaining cases Defendant relies on are only concerned with ATDS claims. At least one court addressing the issue denied a Defendant's motion to stay the case under similar circumstances as the case at bar – ATDS and prerecorded or artificial voice claims. In *Wesley v. SNAP Finance, LLC*, the Court denied the Defendant's motion to stay based on *Facebook*. *See* 2:20-cv-00148-RJS-JCB, ECF 34 (D. Utah, July 29, 2020).

No matter how the Supreme Court rules in *Facebook*, Plaintiff will continue to have claims against Defendant for its use of artificial or prerecorded voice calls to his cell phone. Staying the case would be unduly prejudicial to the resolution of Plaintiff's claims.

**II.     No matter the result of the Supreme Court's ruling in *Facebook*, the parties will have to conduct discovery regarding Defendant's dialing system at issue.**

More fundamental to Defendant's pending request that this Court stay this matter is that the eventual ruling in *Facebook*—no matter the result—cannot, and does not, preclude the need to conduct discovery regarding Defendant's dialing system at issue, as it relates to Plaintiff's claim that Defendant violated the TCPA by using an ATDS to place calls to his cellular telephone number absent consent. That is, Plaintiff has the right to explore the contours of Defendant's dialing system at issue as it relates to whatever definition of an ATDS the Supreme Court adopts in *Facebook.*

More specifically, the Supreme Court in *Facebook* will address the definition of an "automatic telephone dialing system." So regardless of the result, the parties will have to conduct discovery concerning Defendant's dialing system at issue, and then make arguments that the dialing system does, or does not, qualify as an ATDS under whichever definition controls at that point. Defendant's motion puts the cart before the horse. Given as much, a stay is unwarranted as it would serve only to delay the inevitable:

> [T]he Court finds no simplification of issues or judicial efficiency will be gained by grant of stay. As stated above, discovery must be conducted to determine whether the statutory definition of ATDS in *ACA Int'l* is dispositive. It is wholly inefficient to indefinitely postpone discovery, then—at some unknown point in the future—conduct discovery proceedings which could have been previously completed, all in order to determine whether Verde's dialing system aligns with the statutory definition in *ACA Int'l.*

*Coleman v. Verde Energy USA, Inc.*, No. 17-62, 2017 WL 1382875, at *2 (S.D. Ill. Apr. 18, 2017); *see also Richardson v. Verde Energy USA, Inc.*, No. CV 15-6325, 2016 WL 4478839, at *3 (E.D. Pa. Aug. 25, 2016) ("The *ACA* decision, however, cannot render the present case moot. This action is not automatically over even if the *ACA* outcome is favorable to the defendant. The impact the *ACA* decision might have on this case is limited only to the scope of the definition of an automatic telephone dialing system. The plaintiff will still have to conduct discovery on the composition of

the defendant's dialing system regardless of the outcome of the *ACA* case. Accordingly, I will deny the defendant's motion for a stay."); *accord Glick v. Performant Fin. Corp.*, No. 16-5461, 2017 WL 786293, at *2 (N.D. Cal. Feb. 27, 2017) ("Defendant's assertion that *ACA International*, *Marks*, and the Petition will entirely moot Plaintiff's claims and preclude the need for discovery is speculative [because] Defendant will still be required to produce discovery to settle the factual disputes regarding its autodialing technology no matter the results from the appeals or the Petition."); *Cabiness v. Educ. Fin. Sols., LLC*, No. 16-01109, 2017 WL 167678, at *3 (N.D. Cal. Jan. 17, 2017) ("The parties are now engaged in discovery and, as this Court has previously noted, discovery in this case will be required regardless of the outcome in [ACA Int'l].").

Regardless of how the Supreme Court interprets the ATDS definition, the parties will conduct discovery into Defendant's dialing system. There is no reason to delay that discovery until after the Supreme Court rules.

### III.    The Scheduling Order will need to be modified.

As the Defendant notes, it has not produced any documents nor substantively responded to Plaintiff's written discovery, blaming the disruptions caused by the novel corona virus as an impediment. Counsel for Plaintiff was initially understanding as the pandemic has disrupted lives across the country. Unfortunately, discovery closes on September 4, 2020 under the current scheduling order and defense counsel has indicated Defendant will not produce documents nor participate in discovery while this motion is pending. Plaintiff therefore asks this Court to modify the current scheduling order, ECF 22, by extending all deadlines by 60 days.

### CONCLUSION

Plaintiff respectfully requests this Court deny Defendant's motion to stay this matter. Alternatively, to the extent this Court is inclined to refrain from adjudicating a dispositive motion

regarding whether Defendant's dialer is an ATDS until after the Supreme Court issues its decision in *Facebook*, Defendant's concerns can be addressed through an extension of the dispositive motion deadline, rather than a wholesale stay of this case. Plaintiff additionally requests that the Court extend all current deadlines by 60 days in order to complete discovery.

Dated: August 20, 2020

Respectfully submitted,

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
Thompson Consumer Law Group, PC
5235 E. Southern Ave. D106-618
Mesa, AZ 85206
Telephone: 602-388-8898
Facsimile: 866-317-2674
rthompson@ThompsonConsumerLaw.com
Attorney for Plaintiff

## CERTIFICATE OF SERVICE

I certify that on August 20, 2020, I filed the foregoing document with the Court using CM/ECF, thereby serving a copy of the same on Defendant, by and through counsel of record, as follows:

R. Dwayne Danner
ddanner@mcglinchey.com
Aaron B. Gottlieb
agottlieb@mcglinchey.com
MCGLINCHEY STAFFORD, PLLC
Three Energy Square
6688 N. Central Expressway, Suite 400
Dallas, Texas 75206

s/ Russell S. Thompson, IV
Russell S. Thompson, IV
